IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY DENNEY COBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-1866 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, upon the consent of the parties, is Plaintiff Randy Denney Cobbs' "Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act" (Docket Entry ("Dkt.") No. 18) to which the Defendant has filed a Response in which he opposes the amount of fees requested. (Dkt. No. 19).  Having considered Plaintiff's Motion, along with the exhibits attached thereto, the Commissioner's Response, the pleadings filed in this case, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Motion as discussed below.

## I.  DISCUSSION

As a consequence of filing suit seeking judicial review of the denial of a claim for social security benefits, Plaintiff Randy Denney Cobbs (hereinafter, "Cobbs") successfully obtained the remand of his request for social security benefits.  (*See* Dkt. Nos. 16 (Opinion and Order) & 17 (Final Judgment)).  Cobbs now seeks an award of $7,919.44 for attorney fees, which includes 46.25 hours of legal work performed by counsel at the rate of $168.51 per hour and 1.20 hours

of paralegal services at the rate of $105.00 per hour.  (Dkt. No. 18).  Cobb's attorney maintains

that the requested fees reflect legal work reasonably and necessarily expended on Cobb's behalf.

(Dkt. No. 18 (Affidavit of William Herren)).  Defendant Michael J. Astrue, Commissioner of the

Social Security Administration (hereinafter, "Commissioner") filed a response objecting to the

amount of time Cobbs' attorney spent on different tasks as excessive and unnecessary.  (Dkt. No.

19).

>    The Equal Access to Justice Act ("EAJA") provides, in relevant part, that:

>>    A Court shall award to a prevailing party [in certain suits against the United
>>    States] . . . fees and other expenses . . . unless the Court finds that the
>>    position of the United States was substantially justified.

28 U.S.C. § 2412(d)(1)(A).  Attorneys who successfully represent persons seeking benefits under

the Social Security Act fall within the attorney fee provisions of the EAJA.  *Herron v. Bowen*, 788

F.2d 1127 (5th Cir. 1986).  In the present case, Cobbs was the prevailing party and, as such, he

is entitled to seek attorney fees under the EAJA.  *Hensley v. Eckerhart*, 461 U.S.424, 43, 103

S.Ct, 1933, 76 L.Ed.2d 40 (1983).  The Commissioner does not dispute this point.  (Doc. No.

23 at 1).

>    In support of his Motion for attorney fees, Cobbs' counsel has submitted an itemized list

of services showing that 46.25 attorney hours and 1.20 paralegal hours were expended on this

case.  The EAJA provides that attorney's fees shall be limited to $125 an hour "unless the court

determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. §

22412(d)(2)(A).  Cobbs' attorney claims the hourly rate should be set at $168.51 for the work he

performed in this case.  He bases the hourly rate on the Department of Labor's Consumer Price

Index ("CPI"), as it is calculated for the Houston/Galveston/Brazoria, Texas area.  He, therefore,

seeks an award of attorney's fees in the amount of $7,919.44.  The Commissioner does not dispute the hourly rate at which Cobbs' attorney seeks attorney's fees.

The Commissioner, however, does oppose the amount of time Cobbs' attorney spent on numerous tasks as unnecessary or excessive.  First, the Commissioner points out that Cobbs' attorney requested over 11 hours to familiarize himself with the case even though he served as Cobbs' representative during the underlying administrative process, which included the administrative hearing which was held on June 5, 2008, and then requested the Appeals Council review the decision that same month.  Reviewing the Summary of Professional Time, the Court notes that the requested 11 plus hours was billed on different dates with significant gaps in the reviews.  For example, while it is, of course, true that Cobbs' attorney represented him during the administrative process, the administrative proceedings concluded in or around June 2008 (*See* Dkt. No. 19 at 3) and it was almost one year later that counsel was asked to review the file for purposes of review in federal court at which time he spent approximately 5.50 hours re-familiarizing himself with the file and, in light of the particular facts, reviewing the law to ascertain the appropriate  grounds, if any, for reversible error.  The Court cannot conclude that this time expended was either unreasonable or excessive.  The billing summary also reflects that some five months later on October 29, 2009,[1] counsel then spent 1.30 hours[2] to review the case; and then, at the end of January 2010, he spent over 6 hours reviewing the transcript and administrative record for purposes of ultimately filing a motion for summary judgment.  Although

---

[1] The Commissioner erroneously referred to this as October 29, 2010, when it was 2009.

[2] The Commissioner erroneously listed this as 1.80 hours instead of the 1.30 reflected in the summary.  Compare Dkt. No. 18 (Summary) with Dkt. No. 19 at 2).

3

the Court is mindful that it must guard against unnecessary and/or excessive fees being submitted by counsel who seek to recover attorney's fees under the EAJA, considering the billing in context of the work performed, the Court cannot conclude that this time expended was unreasonable or excessive.

Second, the Commissioner points out that the Summary of Professional Time reflects that Cobbs' attorney never billed for less than .30 hour increments for several tasks, rather than the time he actually spent on the reported tasks. (Dkt. No. 19 at 3). In particular, the Commissioner takes issue with the following increments Cobbs' counsel billed: (1) the .80 hours counsel spent on October 28, 2009, to review the Commissioner's three-paged Answer; (2) the .40 hours counsel spent on October 30, 2009[3], to calendar a one-paged Court scheduling order; (3) the .30 hours counsel spent to review the Court's one-page Order granting an extension of time; and (4) the .25 hours counsel spent on September 21, 2010 to calendar the filing time for an EAJA application. (Dkt. No. 19 at 4). The Commissioner urges that the time needed to review such routine documents is excessive and that an award of .40 hours would more accurately reflect the time needed to complete such tasks. On this point, the Court must agree with the Commissioner. In his Affidavit, Cobbs' attorney represents that he is "very experienced in this area of law, having represented thousands of individuals before the Administration and having represented hundreds of those in the federal district courts." (Dkt. No. 18). Given his level of experience and the relative simplicity of these billed tasks, the Court concludes that the requested time is excessive and that an award should only include .40 hours for these routine tasks, not the 1.75 hours he has requested.

---

[3] The Commissioner erroneously referred to this as occurring in 2008.

4

Finally, the Commissioner contends that Cobbs' attorney should not be awarded 6.5 hours to prepare and file his EAJA application for attorney's fees, but instead, given his experience, he should not be entitled to more than 1.5 hours to prepare such a routine or standard application. (Dkt. No. 19 at 4).  Once again, the Court must agree that the 6.50 hours requested is excessive because for an experienced attorney such as Cobbs' attorney the EAJA application is very routine in nature and, in this particular case, not even two pages long.   While the application is accompanied by a affidavit, the affidavit is relatively routine in nature and the summary of the time expended in this case is only one page long.  Accordingly, this Court is of the opinion that the 6.50 hours requested for such a routine application, as was the case here, is excessive and that, instead, counsel should only be awarded 1.50 hours for this task.

Therefore, after carefully considering Cobbs' Motion, as well as the exhibits attached thereto, and the Commissioner's Opposition, the Court finds that the hourly rate requested by Plaintiff's counsel is reasonable and further finds that the reasonable amount of time for which Cobbs' attorney should be compensated is 39.9 hours.

## II.  CONCLUSION

Accordingly, for the foregoing reasons, it is the **ORDER** of this Court that Plaintiff's Motion for Attorney Fees and Costs (Dkt. No. 18) is **GRANTED IN PART** and **DENIED IN PART** and that Plaintiff is **AWARDED** attorney's fees in the amount of <u>$6,849.55</u>.

**DONE** at Galveston, Texas, this _____4th_____ day of January, 2011.

_____
John R. Froeschner
United States Magistrate Judge

5